UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRANSCONTINENTAL TRADE
AND FINANCE CORP.,

          Plaintiff,

v.

          Case Number 08-12940
          Honorable Thomas L. Ludington

BESSER COMPANY,

          Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO DISMISS, DENYING AS MOOT DEFENDANT'S FIRST MOTION TO DISMISS, AND GRANTING PLAINTIFF'S MOTION TO AMEND RESPONSE BRIEF**

For approximately twenty years, Plaintiff Transcontinental Trade & Finance Corporation ("Plaintiff") was Defendant Besser Corporation's ("Defendant") Chinese sales representative. In 2002, Defendant decided to construct a manufacturing plant in China through a joint venture with a Chinese counterpart. The amended complaint alleges that in exchange for Plaintiff's representation during the negotiation and implementation of the Chinese plant, Defendant agreed to provide Plaintiff with a right to purchase a thirty-percent interest in the joint venture. Defendant allegedly repudiated the agreement. The amended complaint alleges the following seven causes of action: breach of contract, breach of implied contract, fraudulent misrepresentation, silent fraud, quantum meruit, unjust enrichment, and statutory conversion.

On November 13, 2008, Defendant moved to dismiss certain counts pursuant to Fed. R. Civ. P. 12(b)(6). Defendant contends that Plaintiff's tort causes of action are barred by the economic loss doctrine. Defendant alternatively asserts that the fraudulent misrepresentation claim does not allege a misrepresentation of past or existing fact or bad faith at the time of formation. With respect to

silent fraud, Defendant contends Plaintiff has not identified a duty independent of the Defendant's alleged contractual obligations. Next, Defendant argues that the statutory conversion claim is deficient because Plaintiff has not alleged that it ever retained possession or title of the ownership interest. Finally, Defendant asserts that Plaintiff's unjust enrichment and quantum meruit claims are duplicitous. For the reasons stated below, the Court will **GRANT** defendant's motion to dismiss in part.

I

According to the amended complaint, Defendant is an Alpena, Michigan company that manufactures, markets, and distributes concrete block machines. Plaintiff served as Defendant's sales representative in China for approximately twenty years. In 2002, Plaintiff and Defendant determined that constructing a manufacturing plant in China would increase sales throughout the Pacific Rim. Consequently, Plaintiff and Defendant entered into an agreement by which Plaintiff would utilize its familiarity with the market to locate a Chinese partner to initiate the project through a joint venture. Those services included negotiating the joint-venture agreement with the Chinese counterpart, hiring and supervising managers, and representing Defendant's interests throughout the process.

On June 18, 2003, Defendant executed a joint-venture agreement with Beijing Chengxiang Technology Investment Development Co., Ltd. ("BCTID"). Each party contributed $400,000.00 in capital, with Defendant also contributing patented technology valued at $200,000.00. The joint-venture created a limited liability company governed by Chinese law and under the supervision of a five member board of directors – three of which are appointed by Defendant. Defendant's primary responsibility was to provide technical assistance. BCTID's responsibilities included obtaining

licenses and permits to operate in China, recruiting local management and workers, procuring necessary infrastructure and materials, and assisting in the customs process for foreign-national employees. Defendant and BCTID received a proportional share of profits, risks, and losses based on the amount of capital contributed to the joint venture.

The amended complaint alleges that Defendant independently agreed that Plaintiff would receive the right to purchase a thirty-percent interest in the joint venture for $120,000.00. Despite investing more than 3,500 hours of services, Plaintiff alleges that Defendant did not honor the agreement.

Plaintiff's cause of action for breach of contract does allege that the parties entered into an express agreement, but that Defendant repudiated the contract. Plaintiff alleges the alternative causes of action for breach of implied contract, unjust enrichment, and quantum meruit. In addition, Plaintiff alleges the tort causes of action for fraudulent misrepresentation, silent fraud, and statutory conversion. Plaintiff's fraudulent misrepresentation claim alleges that Defendant knowingly misrepresented Plaintiff's right to purchase a share of the joint venture. The silent fraud claim alleges that Defendant withheld the material fact that it did not intend to honor the agreement and breached equitable and fiduciary duties owed to Plaintiff.

On October 2, 2008, Defendant moved to dismiss the complaint for failure to state a claim. Dkt. # 10. On October 27, 2008, Plaintiff amended its complaint. Dkt. # 15. On November 13, 2008, Defendant renewed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. # 16. The second motion to dismiss advances many of the same legal arguments. Defendant's first motion to dismiss sought dismissal of the claims, inter alia, because Plaintiff identified Besser Company, Ltd., as the Defendant. Defendant sought dismissal on the grounds that Plaintiff did not identify a legally

recognized entity. Plaintiff's amended complaint, however, identifies Besser Company as Defendant and Defendant's second motion to dismiss abandons that challenge.

II

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure and allow for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

"However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); *see also Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review), *cert. denied*, 484 U.S. 945 (1987). "Factual allegations

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 1965 (citations and footnote omitted).

### III

Defendant's motion advances four arguments. First, Plaintiff's tort causes of action are barred by the economic loss doctrine. Second, in the alternative, Plaintiff's tort causes of action do not meet minimum pleadings standards. Third, Plaintiff's quantum meruit and unjust enrichment claims are duplicitous.

### A

Pursuant to the economic loss doctrine, Michigan does not permit recovery for a claim that sounds in contract under a tort theory. *See Neibarger v. Universal Cooperatives, Inc.*, 486 N.W.2d 612 (Mich. 1992). If a purchaser suffers only economic losses at the hands of a seller, then the purchaser's only available remedy is in contract. *Id.* (internal quotation and footnote omitted). Michigan has subsequently extended the economic loss doctrine to contracts for services. *See Rinaldo's Constr. Corp. v. Mich. Bell Tel. Co.*, 559 N.W.2d 647, 657-58 (Mich. 1997) (refusing to permit a construction company's claim in tort to proceed against a telephone company, where their relationship was contractually based). "[T]he threshold inquiry is whether the plaintiff alleges violation of a legal duty separate and distinct from the contractual obligation." *Id.* at 658.

Here, the primary allegation, that the parties entered into an agreement to sell thirty percent of the joint venture to Plaintiff, is common to the contract and tort causes of action. Plaintiff has not identified a legal duty distinct from the contractual obligation.

Plaintiff contends that the economic loss doctrine does not apply to service contracts. Dkt. # 19 at 8 (citing *Farm Bureau Mut. v. Combustion Research Corp.*, 662 N.W.2d 439, 445 (Mich. Ct. App. 2003). *Farm Bureau* is inapposite to this circumstance. In that case the court considered a circumstance where the defendant's conduct after installing a heating unit may have created a duty independent from contractual obligations because the defendant's knowledge that the product was defectively installed may have created a duty to warn – distinct from the contractual obligations. The significance of *Farm Bureau* is that a plaintiff must identify a legal duty independent of a contractual obligation to support a tort cause of action. As indicated above, the Supreme Court of Michigan's holding in *Rinaldo's* indicates that the economic loss doctrine may apply to a contract for services.

Plaintiff also contends that the economic loss doctrine does not apply because Defendant fraudulently induced Plaintiff to enter the agreement. Dkt. # 19 at 8-9 (citing *Huber v. Crop Prod. Servs., Inc.*, 2007 U.S. Dist. LEXIS 69184, *13-*14 (E.D. Mich. 2007) (unreported)). While an exception applies where a party misrepresents a material fact, that fact must be extraneous to the contract and not a term of the contract. *Huron Tool and Eng'g Co. v. Precision Consulting Serv., Inc.*, 532 N.W.2d 541, 543 (Mich. Ct. App. 1995). Here, the allegation concerns Defendant's intention to sell the thirty-percent share – the key term of the alleged agreement. This not an instance where, by way of example, Defendant represented that it intended to enter into a joint venture when, in reality, it never had any intention in establishing the Chinese plant. Thus, the fraud in the inducement exception is inapplicable and that the Court will dismiss Plaintiff's tort causes of action.

B

A claim for fraudulent misrepresentation requires a statement of either a past or existing fact, although a promise of future action made in bad faith without any intention of performance can also constitute an actionable misrepresentation. *Hi-Way Motor Co. v. International Harvester, Co.*, 247 N.W.2d 813, 816 (Mich. 1976). "In any complaint averring fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *In re Ford Motor Co.*, 2007 WL 2421480, *9 (E.D. Mich. 2007) (unreported) (citing *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir.2006) (citing Fed. R. Civ. P. 9(b))). "Rule 9(b) requires a plaintiff alleging fraud to set forth the time, place, and content of the particular representations on which he or she allegedly relied." *Id.* (citation omitted).

Plaintiff concedes that promises of future conduct can not sustain a claim for fraudulent misrepresentation, but argues two exceptions apply. First, Plaintiff asserts that Defendant acted in bad faith and the amended complaint generally alleges that Defendant's "representations were false when they were made" and that Defendant "knew or should have known" it would not sell the thirty-percent share to Plaintiff. Dkt. # 15 at ¶¶ 32-33. While Plaintiff has alleged bad faith on the part of Defendant, it has not identified any facts specifically supporting that allegation. *See Twombly*, 127 S. Ct. at 1964-65. Second, Plaintiff contends that a second exception exists when the parties maintain a "relation of trust and confidence." Dkt. # 19 at 12 (citing *Rutan v. Straehly*, 286 N.W. 639, 642 (Mich. 1939)). While Plaintiff alleges that Defendant is its fiduciary, Plaintiff has not provided any specific allegation supporting that legal conclusion. Ultimately, Plaintiff's fraudulent misrepresentation does not plead with sufficient particularity to invoke either of these exceptions.

Likewise, the silent fraud claim fails because Plaintiff's allegation of a fiduciary relationship does not adequately plead facts supporting that allegation. *See Twombly*, 127 S. Ct. at 1964-65.

Defendant also contends it is entitled to dismissal of the statutory conversion claim because Plaintiff never held title, possessed, or retained ownership of the shares. *See* Mich. Comp. Laws § 440.2401. Plaintiff does not dispute Defendant's argument and the claim will dismissed.

C

Lastly, Defendant argues that Plaintiff's quantum meruit and unjust enrichment claims are duplicitous because the claims require the same proofs – the plaintiff conferred a benefit to the defendant, which the defendant unjustly retains. *See Dumas v. Auto Club Ins. Ass'n*, 473 N.W.2d 652, 663 (Mich. 1991) (prima facie unjust enrichment claim). Indeed, Michigan courts have used the terms quantum meruit and unjust enrichment interchangeably. *See, e.g., Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 906 (Mich. Ct. App. 2006); *Lansing Bd. of Water and Light v. Deerfield Ins. Co.*, 183 F. Supp. 2d 979, 990-91 (W.D. Mich. 2002). Plaintiff stresses that the measure of damages for the claims are distinct – the proper measure of damages for unjust enrichment is the value of the benefit received by the defendant and for quantum meruit is the value of services rendered. Dkt. # 19 at 14 (citations omitted). Notwithstanding the fact that some courts have viewed the two causes of action as identical, Defendant has not identified authority clearly demonstrating this is the law in Michigan. Moreover, the law does not permit double recovery for the same injury, even where alternate legal theories will support the same finding of liability. Thus, the Court will not dismiss Plaintiff's quantum meruit claim.

## IV

Accordingly, it is **ORDERED** that Defendant's second motion to dismiss [Dkt. # 16] is **GRANTED** in part and **DENIED** in part. Defendant's first motion to dismiss [Dkt. # 10] is **DENIED** as moot. Plaintiff's causes of action alleged in the amended complaint for fraudulent misrepresentation, silent fraud, and conversion are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiff's motion to amend response [Dkt. # 20] to motion to dismiss is **GRANTED**.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: February 10, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2009.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS